UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Marcus Coleman,                                                    Case No. 3:13CV1120

        Plaintiff,

v.                                                                 ORDER

ARAMARK Correctional Services,

        Defendant.

This matter is before me pursuant to a motion by defendant ARAMARK Correctional Services for a judgment on the pleadings, filed pursuant to Federal Rule Civil Procedure 12(c). (Doc. No. 6). On June 27, 2013, Coleman was granted leave until August 1, 2013, to file a response to ARAMARK's Rule 12(c) motion. (Doc. No. 9). Coleman failed to file a response to the motion. But, Coleman has filed a second extension of time to file a response (Doc. No. 11), a motion to amend his complaint (Doc. No. 12), a motion to direct his presence for a pretrial conference (Doc. No. 13), a second motion to amend his complaint which is identical to his prior motion to amend (Doc. No. 17, 18), a motion to subpoena documents (Doc. No. 19), and a "motion for continuance of the issue of summary judgment." (Doc. 20). ARAMARK has filed a supplemental memorandum in support of its motion for judgment on the pleadings. (Doc. 24).

Upon review, I deny all the pending motions and remand the case to the Hancock County Ohio Court of Common Pleas because the Court lacks jurisdiction over the case.

1

DISCUSSION

On April 19, 2013, Coleman filed a civil action with the Hancock County Court of Common Pleas. Coleman alleged that the Hancock County Sheriff's Department contracted with ARAMARK to provide food and commissary items to the county inmates. Coleman alleged that ARAMARK was negligent for the following reasons:

> I. ARAMARK engages in price gouging by charging for commissary items at a price that is substantially higher than prices charged by retail establishments in the surrounding community.
>
> II. ARAMARK denied him adequate amounts of food, nutrition, and calories as mandated by the United States Department of Agriculture for a healthy existence.
>
> III. ARAMARK served Coleman under cooked and/or uncooked food and the food served was of lesser quality given other prisoners due to his religious beliefs.
>
> IV. The serving Coleman received was a chemically based food, denying him the nutrition needed for healthy living.
>
> V. ARAMARK served Coleman food containing meat which is not allowed under his religious beliefs.

Coleman did not state the amount of damages that he sought. On April 24, 2013, Coleman filed a memorandum with the state court. Coleman stated that on April 20, 2013, he received a meal at approximately 4:55 p.m. consisting of cold pinto beans topped with a dried white crust. He also received a stale, hard square biscuit; melted margarine; cold mashed potatoes with skin; dried, overcooked mixed vegetables; and cake. Coleman stated that the meal was of inferior quality due to his religious beliefs. Coleman claimed that inmates of other faiths receive meals of better quality. (Doc. No. 1-5).

ARAMARK removed Coleman's case from the Hancock Court of Common Pleas asserting this Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1332. Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Section 1331 empowers district courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." *Harkness v. United States*, 727 F.3d 465, 469 (6th Cir. 2013). A district court must examine the complaint to determine whether a federal question is alleged under § 1331 so as to allow a defendant to remove the case from state court to federal court under 28 U.S.C. § 1441. *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013).

In its Notice of Removal, ARAMARK states that Coleman's complaint arises under the First and Eighth Amendments to the United States Constitution, thus invoking this Court's jurisdiction under § 1331. The complaint establishes, however, that Coleman does not assert any constitutional violation. To the contrary, he simply alleges a state claim of negligence. The complaint does not invoke either the First or Eighth Amendments. The possibility that federal law might be raised in a defense, as ARAMARK has done here, is not enough to satisfy a complaint's removal to federal court. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 269 (6th Cir. 2007); *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989). Because Coleman only alleged a state claim of negligence, federal jurisdiction under § 1331 is avoided. *Klepsky*, 489 F.3d at 269; *Smolarek*, 879 F.2d at 1329. Therefore, the Court does not have jurisdiction over this case pursuant to § 1331.

ARAMARK also states that this Court has jurisdiction over the case pursuant to § 1332 because the amount in controversy exceeds $75,000. ARAMARK has the burden "to show by a preponderance of the evidence that the allegations in the complaint *at the time of removal* satisfy the amount-in-controversy requirement." *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769–70 (6th Cir. 2009) (emphasis added). In his complaint, Coleman does not allege a specific amount of money. Rather, he states that he requests "money damages against defendant in an amount to be supplied thereafter and costs." (Doc. No. 1-3). This allegation does not establish by a

preponderance of the evidence that the amount in controversy exceeds the $75,000 requirement of § 1332(a). *Id.* Because the complaint does not establish that the amount in controversy "both at the time that the case [was] commenced and at the time that the notice of removal" was filed, the requirements of § 1332 have not been satisfied. *Jerome-Duncan, Inc. v. Auto-By Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

## CONCLUSION

Accordingly, because the Court lacks jurisdiction over this case, I remand the case to the Hancock County Ohio Court of Common Pleas.

So Ordered.

<u>s/ Jeffrey J. Helmick</u>
United States District Judge